**WASHINGTON COUNTY HOSPITAL,**
Appellee,

v.

**LOUISA COUNTY, Iowa, Appellant.**

No. 93–1535.

Supreme Court of Iowa.

Jan. 18, 1995.

Timothy K. Wink, County Atty., for appellant.

Michael R. Mullins of Morrison, Lloyd, McConnell, Mullins & Davis, Washington, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

LARSON, Justice.

Washington County Hospital sued Louisa County to recover the cost of medical care provided to an indigent resident of Louisa County. The district court concluded that Louisa County was liable for the care, pursuant to Iowa Code section 347.16(3) (1991), and we agree.

On January 12, 1990, B.Y.M. sought care in the emergency room of the Washington County Hospital. The parties have stipulated that B.Y.M. was an indigent patient and had legal settlement in Louisa County. The hospital admitted the patient that day and stabilized her condition on January 15. The hospital temporarily transferred her for tests at Mercy Hospital in Iowa City on January 17, then continued to provide for her medical needs until her discharge on February 4, 1990.

The amount of the bill was $29,480.45. The parties have stipulated that all care provided was reasonable and necessary.

Washington County Hospital ultimately determined that the patient was indigent and that her care was not covered by any third-party payor. It requested reimbursement from Louisa County on November 26, 1992, but Louisa County refused to pay. The hospital sued Louisa County, relying on Iowa Code section 347.16(3).

That section provides:

Care and treatment may be furnished in a county public hospital to any sick or injured person who has legal settlement outside the county which maintains the hospital, subject to such policies and rules as the board of hospital trustees may adopt. If care and treatment is provided under this subsection to a person who is indigent, the county in which that person has legal settlement shall pay to the board of hospital trustees the fair and reasonable cost of care and treatment provided by the county public hospital unless the cost of the indigent person's care and treatment is otherwise provided for.

Iowa Code § 347.16(3).

Louisa County's response was that the hospital is not entitled to recover under this section because it had failed to give notice to Louisa County that the hospital was providing care for a Louisa County resident. Further, it claims the hospital should have mitigated its expenses by transferring the patient to the university hospital in Iowa City. See Iowa Code § 255.16 (1991) (care at the university hospital at state expense).

Iowa Code section 252.22 (1991) provides in part that:

When relief is granted to a poor person having a settlement in another county, the auditor shall at once by mail notify the auditor of the county of settlement of that fact, and, within fifteen days after receipt of the notice, the auditor shall inform the auditor of the county granting relief if the claim of settlement is disputed.

This section then states:

All laws relating to the support of the poor as provided by this chapter shall be

applicable to care, treatment, and hospitalization provided by public county hospitals.

It is undisputed that the hospital did not notify Louisa County of the care being provided for this patient. The question is whether the notice requirement of section 252.22 applies to a hospital's claim under section 347.16(3).

This precise issue was raised and resolved in favor of the hospital in *Shelby County Myrtue Memorial Hospital v. Harrison County*, 249 Iowa 146, 86 N.W.2d 104 (1957). We concluded that a hospital has no duty to notify the county of settlement, pursuant to section 252.22, prior to collection under section 347.16(3). *Shelby County Myrtue Memorial Hosp.*, 249 Iowa at 151–53, 86 N.W.2d at 108–09.

Two rationale supported the ruling in that case: (1) Section 347.16(3) (providing for payment by one county to another for medical care) is a specific statute, thus controlling over the general notice provision of section 252.22; and (2) the notice statute is inapplicable by its terms because it provides that care by a *county* is reimbursable only after notice, whereas under section 347.16(3) the county is not the claimant; rather the claimant is the board of trustees of the hospital. *Id.* at 151–53, 86 N.W.2d at 108–09; *see* Iowa Code § 347.16(3).

This holding would appear to control here, but Louisa County says that is not so because the present case presents an added dimension: the possible use of indigent medical services at the university hospital pursuant to Iowa Code section 255.16.

Louisa County's theory is two-fold: (1) Iowa Code section 255.16 provides for indigent care at the university hospital at state expense; therefore, Washington County should have mitigated its expenses by transferring the patient to Iowa City; and (2) section 347.16(3) has been amended since the *Shelby County Myrtue Memorial Hospital* case to provide for payment by the county of settlement "unless the cost of the indigent person's care and treatment is otherwise pro-

vided for." The indigent care available at university hospital, it argues, is one form of reimbursement "otherwise" provided.

■ We reject the defendant's mitigation argument based on the possibility of care at the university hospital. One reason is a practical one. A medical provider would often have no way of knowing that a patient is truly indigent, without the possibility of third-party payment such as Medicaid or Medicare, until it is too late to transfer the patient to the university hospital. That is what happened here.

There is another reason this argument cannot prevail: the plain wording of the amendment to section 347.16(3). The amendment provides that the hospital is entitled to reimbursement for the cost of care from the county of settlement "unless the *cost* of the indigent person's" (emphasis added) care is otherwise provided. Section 255.16 clearly does not provide for payment of *costs* to the county hospital by the university hospital; it provides only for *care* at the university hospital at state expense.

In addition, if potential care at the university hospital would relieve a county of settlement from its obligation to pay the treating hospital under section 347.16(3), section 347.16(3) would be virtually abrogated. This is so because care in the university hospital would always be an alternative, and no county would ever be liable for any patient's care under section 347.16(3).[1]

■ We adhere to the holding in *Shelby County Myrtue Memorial Hospital* that notice under section 252.22 is not a prerequisite to recovery by a hospital from another county under the provisions of section 347.16(3) and hold that the hospital is not required to "mitigate" its costs by transferring the patient to the university hospital. Accordingly, we affirm the district court.

AFFIRMED.

---

1. While § 255.16 provides for "quotas" of indigent patients from each county, Louisa County argues that these quotas are not binding and that

the university hospital treats virtually any patient seeking care under the indigent provisions of that section.